IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOEY SULA,                          §
                                    §
        *Petitioner*,               §
                                    §
v.                                  §        Civil Action No. H-13-1225
                                    §
WILLIAM STEPHENS,                   §
                                    §
        *Respondent*.               §

## MEMORANDUM OPINION AND ORDER

Joey Sula, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his convictions and ten-year sentences for theft and money laundering. Respondent filed a motion for summary judgment (Docket Entries No. 13, 14), to which petitioner filed a response (Docket Entry No. 15).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action for the reasons that follow.

## I.  BACKGROUND AND CLAIMS

Petitioner was convicted of theft and money laundering in Fort Bend County, Texas, and sentenced to two consecutive ten-year terms of incarceration. The intermediate court of appeals modified the judgment to reflect two "concurrent" sentences instead of two "consecutive" sentences, and otherwise affirmed the judgment. *Sula v. State*, 2010 WL 2723153 (Tex. App. – Houston [1st Dist.] 2010, no pet.). No petition for discretionary

review was filed.  The Texas Court of Criminal Appeals denied petitioner's application for

state habeas relief.  *Ex parte Sula*, WR-75,523-01.

Petitioner raises the following claims for federal habeas relief in this proceeding:

1.  Actual innocence based on

    (a)  insufficiency of the evidence; and

    (b)  perjured testimony.

2.  Ineffective assistance of trial counsel based counsel's

    (a)  failure to move to quash the indictment;

    (b)  failure to object to the word "deception" in the jury charge;

    (c)  failure to present exculpatory and impeachment evidence;

    (d)  failure to contest the motion in limine; and

    (e)  failure to object to improper jury arguments.

3.  Ineffective assistance of appellate counsel based on counsel's

    (a)  limiting the appeal to the improper stacking of sentences; and

    (b)  failure to challenge the order for restitution as parole condition.

Respondent argues that one or more of these claims are procedurally barred, and that

all of the claims are without merit.  The Court will address the merits of each of petitioner's

claims.

## II. THE APPLICABLE LEGAL STANDARDS

A.    <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U .S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules apply only to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

4

facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III.  ACTUAL INNOCENCE

In his application for state habeas relief, petitioner raised a free-standing claim for actual innocence, and alleged that the State knowingly used perjured testimony to obtain his convictions.  *Ex parte Sula*, pp. 6, 281.[1]

In rejecting petitioner's claims on collateral review, the state court made the following relevant findings of fact:

1.      The undersigned [judge] presided at the jury trial in this case, sitting by assignment.

2.      [A] grand jury indicted Applicant for theft of money in the aggregate value of $200,000 or more in Count I and money laundering of the proceeds of theft the value of $200,000 in Count II.

3.      A jury found Applicant guilty of each count as charged in the indictment and assessed punishment at ten years imprisonment and a $10,000 fine for each offense.

---

[1] In his response to the pending motion for summary judgment, petitioner specifically disavows raising any challenges to the sufficiency of the evidence. (Docket Entry No. 15, p. 11.) Accordingly, the Court does not construe as a sufficiency challenge petitioner's argument that he is actually innocent due to "no evidence" in the record.

\*   \*   \*   \*

14.    The undersigned presiding judge presided at the jury trial and finds [the prosecutor] credible.

15.    Based on the credible affidavit of [the prosecutor] and the trial court's personal recollection, the evidence showed that Applicant deceived the complainant into parting with her money, telling her one thing and doing another.

16.    Having engaged in deception, Applicant is not actually innocent of the offense of theft or money laundering the proceeds of theft.

*Ex parte Sula*, pp. 280, 283.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

In support of his claim for actual innocence, petitioner essentially contends that the State presented no evidence of the criminal offenses because the State relied on perjured testimony from the complainant.  Petitioner's arguments raise no cognizable federal habeas claim.  *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (holding that a claim of "actual innocence" is not itself a constitutional claim).

Even assuming petitioner's arguments were to constitute a recognized habeas claim, the claim is without merit.  Petitioner's claim is nothing more than a challenge to complainant's credibility and the jury's verdict based on its acceptance of her testimony.  This Court cannot review or set aside a state court's or jury's credibility determinations in context of section 2254 proceedings.  *See Morales v. Thaler*, 714 F.3d 295, 303 (5th Cir. 2013) ("AEDPA does not allow federal habeas courts to gainsay state courts' assessments

6

of credibility on a cold paper record."). Consequently, petitioner's on-going dispute with the veracity of complainant's testimony and the jury's verdict based on her testimony affords him no benefit before this Court.

To the extent petitioner claims that complainant's testimony constituted perjury, he presents as support only conjecture and conclusory allegations to support his premise, neither of which provides a basis for federal habeas relief or constitutes probative summary judgment evidence. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that, although *pro se* habeas petitions must be construed liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). Moreover, petitioner's complaint that the state court on collateral review "chose to accept" as credible the prosecutor's affidavit without holding an evidentiary hearing raises no federal habeas claim for which relief may be granted. *See Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (holding that, because there is no constitutional right to state post-conviction review, irregularities occurring during such review do not state a claim for federal habeas relief); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (noting that an attack on a state habeas proceeding does not entitle a petitioner to federal habeas relief, as it is an attack on a proceeding collateral to the conviction and not the conviction itself). Last, the presumption of correctness afforded these findings in this case is even stronger because the trial judge and the state habeas judge are one in the same. *See Armstead v. Collins*, 37 F.3d 202, 207–08

(5th Cir. 1994) (holding that, where application was considered by same judge who presided over trial, a "paper" hearing is adequate).

The state court denied relief on these claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was

8

the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner argues that trial counsel was ineffective in the following particulars.

A.    Failure to move to quash the indictment

Petitioner argues that trial counsel should have moved to quash the indictment on grounds that it failed to give notice of "how the theft occurred, namely, deception."

In response to petitioner's claim on collateral review, trial counsel submitted an affidavit to the trial court, testifying as follows:

9

> I have been asked to answer whether I considered filing a motion to quash the indictment, and if so my reasons for not filing the motion. As always, I reviewed the indictment. I found that it was legally sufficient and, based on what the Defendant had given me as facts, my own investigation and interview of witnesses and the pretrial discovery provided by the State's attorney, the Defendant and I knew exactly what the state alleged and intended to prove. Therefore, I was, and still am, of the opinion that a motion to quash was not necessary nor required.

*Ex parte Sula*, p. 202.

In rejecting petitioner's claim on collateral review, the state trial court found as follows:

> 19.   Based on the credible affidavit of [trial counsel], and the Court's own review of the indictment, a motion to quash was not necessary or required.
>
> *        *        *        *
>
> 29.   Applicant fails to prove by a preponderance of the evidence his allegations of deficient performance by trial counsel.

The trial court also made the following relevant conclusion:

> 4.    The indictment was legally sufficient and not subject to a motion to quash for further definition of "effective consent."

*Id.*, pp. 283–285. The Texas Court of Criminal Appeals relied on these findings and conclusion in denying habeas relief. *Id.*, at cover.

The Fifth Circuit has stated that a defect in a state indictment is not grounds for habeas corpus relief unless the indictment is so defective that the convicting court has no jurisdiction. *Neal v. Texas*, 870 F.2d 312, 316 (5th Cir. 1989). If the highest criminal

10

appeals court of the state has held, either expressly or implicitly, that the indictment was sufficient under state law, the federal habeas inquiry is at an end as to that issue. *Alexander v. McCotter*, 775 F.2d 595, 598–99 (5th Cir. 1985).   The trial court in the instant case expressly found that the indictment was legally sufficient under state law and that it was not subject to the motion to quash urged by petitioner.   Accordingly, in reviewing petitioner's ineffective assistance claim, this Court cannot revisit the state court's determination that the indictment was proper.   Because the indictment was proper, trial counsel was not ineffective in failing to pursue a motion to quash.   *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite"); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").   Petitioner establishes neither deficient performance nor prejudice.

The state court denied relief on this claim.   Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.     Failure to object to the word "deception" in the jury charge

Petitioner complains that trial counsel failed to object to the trial court's inclusion of the legal definition of "deception" in the jury charge, as it was an element not alleged in the indictment.

11

In rejecting this claim on collateral review, the trial court made the following relevant findings:

> 18.    Applicant fails to prove his claim of ineffective assistance of counsel by a preponderance of the evidence.

*    *    *    *

> 20.    Based on the Court's own review of the jury charge on guilt-innocence, the jury charge correctly included the statutory definition for deception. Trial counsel did not need to object to a correct jury charge.

The trial court also made the following relevant conclusion:

> 5.    The jury charge correctly included the legal definition of "deception."

*Ex parte Sula*, pp. 283, 285 (citations omitted). The Texas Court of Criminal Appeals relied on these findings and conclusion in denying habeas relief. *Id.*, at cover.

The state court found that the jury charge was proper under state law, and that trial counsel was not ineffective in failing to object to a proper jury charge. This Court is again bound by the state court's interpretation and application of its own state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Charles v. Thaler*, 629 F.3d 494, 500–01 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law."). Simply put, a

federal habeas court does "not sit as a 'super' state supreme court" to review alleged errors of state law. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986); *see also Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

For this reason, petitioner fails to demonstrate that trial counsel was ineffective in not objecting to the jury charge, in that the state court found the jury charge proper under state law. Trial counsel is not deficient in failing to raise groundless objections. *See Clark*, 19 F.3d at 966; *Koch*, 907 F.2d at 527.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

C.    Failure to present exculpatory and impeachment evidence

Petitioner next complains that trial counsel failed to produce factual evidence from the State's pretrial investigation supporting his claim that the money he received from complainant was a loan, not investment funds. Petitioner further complains that trial counsel should have introduced evidence showing that complainant refused his offer to repay the "loan," and that he had offered as collateral shares of stock in a corporation.

In responding to this claim on collateral review, trial counsel submitted an affidavit in which he testified to the following:

I have been asked to answer whether I considered introducing evidence from the State's pre-trial investigation supporting Defendant's contention that the money received from the complainant was a loan and not for investment purposes, and if so, reasons for not introducing such evidence. To the extent that we were able to bring in evidence on cross-examination, this we did. Most of what Defendant now suggests should have been introduced by direct testimony required the Defendant's testimony as a proper predicate for a proffer. The Defendant chose not to testify on his own behalf after [having] been fully apprised that each alleged fact or element of the defense would be weakened or inadmissible without such being tendered on direct testimony from the Defendant.

I have been asked whether I considered introducing evidence that Defendant ha[d] attempted to repay the money loaned to him by the complainant, but the offer was rejected. The same reasons as set forth in [the above paragraph] answer this question.

I have been asked whether I considered introducing evidence that Defendant had offered 525,898 shares of Amstar International common stock valued at $552,190.90 as collateral for the loan. The same reasons as set forth in [the first paragraph above] answer this question.

*Ex parte Sula*, pp. 202–03.

In rejecting petitioner's claim on collateral review, the trial court made the following

relevant findings:

11.  The undersigned presiding judge presided at the jury trial and finds trial counsel [] credible.

*   *   *   *

21.  Based on the credible affidavit of [trial counsel], [trial counsel] fully counseled Applicant that 'each alleged fact or element of the defense would be weakened or inadmissible without such being tendered on direct testimony from the Defendant.'

14

> 22.   Based on the credible affidavit of [trial counsel], after being fully counseled, Applicant chose not to testify.

The trial court also made the following relevant conclusion of law:

> 6.   Having decided not to testify after being fully counseled that his testimony was required to prove the evidence he now asserts should have been introduced at trial, Applicant may not now be heard to complain of ineffective assistance of counsel.

*Id.*, pp. 282–283, 285.  The Texas Court of Criminal Appeals relied on these findings and conclusion in denying habeas relief. *Id.*, at cover.

The record shows that trial counsel informed petitioner that, without his testimony at trial, the admissibility and favorable impact of the subject evidence would be greatly jeopardized.  Petitioner nevertheless elected not to testify, thus compromising, if not negating, trial counsel's ability to use the evidence. Petitioner does not demonstrate that the evidence was admissible without his testimony, and deficient performance is not shown.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

It is unclear whether petitioner is separately claiming that trial counsel was ineffective in failing to object to the following provision in the State's motion in limine:

> The State of Texas requests that the defendant be prohibited from introducing evidence as to expert opinions, offers in compromise and settlement, plea

discussions and related statements, bond testimony, testimony as to Sula's reputation for truth and veracity until such time as he testifies.

C.R. at 201.   It does not appear that petitioner raised this as an independent Sixth Amendment claim in his application for state habeas relief, and the issue is procedurally barred at this time.   Regardless, petitioner fails to show that an objection would have been granted had counsel raised an objection, or that it would have constituted reversible error for the trial court to overrule counsel's objection.   Moreover, petitioner fails to show that, but for counsel's failure to contest the motion in limine, there is a reasonable probability that the result of the trial would have been different.   Petitioner establishes neither deficient performance nor prejudice under *Strickland*, and the claim is without merit.

> D.   Failure to object to improper jury arguments

Petitioner argued in his application for state habeas relief that trial counsel failed to object to "any of the multiple instances of improper jury argument."   No particular instances of improper jury argument are cited by petitioner.

In rejecting petitioner's claim on collateral review, the trial court made the following relevant findings of fact:

> 23.   Based on the credible affidavit of [the Deputy Clerk], Applicant did not have a copy of the reporter's record filed with the District Clerk.

> 24.   Based on the credible affidavit of the Court's Official Court Reporter [], Applicant requested and paid for only a partial record of his trial[,] being the testimony of the complainant and the arguments of the prosecutor on guilt-innocence.

16

25.   Based on the credible affidavit of [the court reporter], Applicant did not ask or pay [her] for a duplicate copy of the partial record to be filed with the District Clerk's Office.

26.   Applicant does not plead or prove that the complained-of arguments were so prejudicial that an instruction to the jury could not have cured the errors.

27.   Applicant does not plead or prove that if trial counsel objected to the complained-of arguments, and the objection were overruled, the ruling would be reversible and he would have contracted with his appellate counsel for a full appeal of the trial.

28.   Based on the credible affidavit of [the prosecutor] and the Court's personal recollection, trial counsel provided reasonably effective assistance.

29.   Applicant fails to prove by a preponderance of the evidence his allegations of deficient performance by trial counsel.

*Ex parte Sula*, pp. 283–84.  The trial court made the following relevant conclusions of law:

7.   In failing to provide the record of his entire trial, Applicant fails to prove by a preponderance of the evidence his allegations of deficient performance in failing to object to certain jury argument.

8.   In failing to plead or prove that [a] mistrial should have been declared on the basis of the alleged objectionable argument, Applicant failed to prove prejudice by a preponderance of the evidence in the alleged failures to object to the prosecutor's argument.

9.   In failing to plead or prove that if trial counsel had objected to the complained-of arguments, and the trial court had overruled the objection, the objection would have been reversible error and Applicant would have contracted with appellate counsel for a full appeal, Applicant failed to prove prejudice by a preponderance of the evidence in the alleged failures to object to the prosecutor's argument.

17

*Id.*, p. 286. The Texas Court of Criminal Appeals relied on these findings and conclusions in denying habeas relief. *Id.*, at cover.

The controlling issue for federal habeas review is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The complained-of statement must be viewed in the context of the entire trial and must have been "a crucial, critical, highly significant factor in the jury's determination of guilt." *Ortega v. McCotter*, 808 F.2d 406, 410–11 (5th Cir. 1987). To establish that a prosecutor's remark was so inflammatory as to prejudice his substantial rights, a petitioner "must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Felder v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986).

Petitioner here cannot meet his burden of proof because he requested, and the state court record contains, only a partial trial court transcript. Consequently, this Court cannot view the prosecutor's purported statements "in the context of the entire trial" to determine if the statements had "a crucial, critical, highly significant factor in the jury's determination of guilt." *Ortega*, 808 F.2d at 410–11. Nor does petitioner establish that the evidence presented at trial was "so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Felder*, 795 F.2d at 403. In absence of such proof, petitioner establishes neither deficient performance nor prejudice under *Strickland*.

18

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Petitioner claims that appellate counsel was ineffective in limiting the appeal to the improper "stacking" of his sentences, and in not challenging the imposition of restitution as a condition of parole.  In responding to these claims, appellate counsel submitted an affidavit on collateral review, in which he testified as follows:

> On December 19, 2008, I met with [petitioner] and his trial lawyer in Fort Bend County Jail after he had been convicted of two felonies and had received a ten year prison sentence in each case with the sentences to run consecutively. I explained the appellate process.  I explained that any reversal because of trial error would get him either a new trial or a new punishment hearing, depending on whether the error occurred at the guilt stage or innocence [sic] stage.  I explained clearly that the only appellate issue that would not require a new trial or a new hearing would be if the evidence were legally insufficient to support the conviction; that even if the evidence were factually insufficient, he would have to stand trial again.

> I explained that it was possible for him to receive more punishment, if the cases were reversed for any issue other than legal insufficiency and the cases were heard by a different judge or by a different jury. I knew that a visiting judge had heard the original trial and had stacked the sentences.  I told [petitioner] that a new judge is not bound by what the visiting judge did, just as a new jury is not bound by what the former jury did.

> I explained that I could not speak about what issues could be raised because I would have to read the appellate record first.  I told [petitioner] that I believed the 'stacking order' was improper, and that I would raise that on appeal, at least.  If the 'stacking order' was improper, he would do the two 10 year sentences concurrently.

> At the first meeting, [petitioner] and I discussed a fee for appealing the entire case.  I stated the fee and the costs that would be incurred.  He said that such monies were no problem because he had access to funds.  I drafted a contract outlining the legal fee for a full appeal of all issues.

[Petitioner] did not execute that contract, and he requested a contract in which I would appeal only the order stacking the sentences. I drafted the contract for this service.

I completed my obligation under the contract by filing a brief attacking the order stacking the two sentences. On July 8, 2010, the First Court of Appeals agreed with my argument and reversed the order stacking the sentences.

I informed [petitioner] about all the possibilities of an appeal. I told [him] that the only way he could receive an acquittal on appeal is if the evidence is legally insufficient in each of the two cases. I told [him] that a new judge or a new jury could sentence him to a greater sentence that he received originally, if either or both cases were reversed for any issue other than legal insufficiency.

*Ex parte Sula*, pp. 180–81 (exhibit references omitted). Appellate counsel attached a copy of the contract signed by petitioner, which contract retained appellate counsel for the limited purpose of challenging only the order stacking the sentences, and acknowledged that the appeal would be based solely on the documents on file with the district clerk. *Id.*, p. 185.

In rejecting petitioner's claims of ineffective appellate counsel, the trial court on collateral review made the following relevant findings:

12.   The undersigned presiding judge knows [appellate counsel] by reputation as a highly regarded appellate specialist.

13.   The Court finds [appellate counsel] credible.

*        *        *        *

30.   Based on the credible affidavit of [appellate counsel], [appellate counsel] fully advised Applicant that 'any reversal would get him either a new trial or new punishment hearing,' and 'that the only appellate issue that would not require a new trial or new punishment hearing is if the evidence were found to be legally insufficient in each case.'

31. Based on the credible affidavit of [appellate counsel], Applicant was advised that it was possible for him to receive more punishment if a different judge or a jury heard the case.

32. Based on the credible affidavit of [appellate counsel], [appellate counsel] told Applicant that he would need to read the appellate record before identifying issues other than trial court error in stacking Applicant's sentences.

33. Based on the credible affidavit of [appellate counsel], Applicant asked [appellant counsel] to draft a contract to appeal only the stacking order.

34. [Appellate counsel] convinced the court of appeals to eliminate the stacking order.

35. Applicant fails to prove by a preponderance of the evidence his claims of ineffective appellate counsel.

36. Applicant's claim that the trial court erred in ordering Applicant to pay restitution as a condition of parole is based on the judgment.

37. Based on the credible affidavit of [appellate counsel], Applicant chose to appeal only the stacking order.

38. Based on the credible affidavit of [appellate counsel], nothing prevented Applicant from appealing the restitution order.

*Id.*, pp. 282, 284–85 (citations omitted). The trial court further made the following relevant conclusions of law:

10. Applicant fails to prove by a preponderance of the evidence his allegations of ineffective appellate counsel.

11. Applicant's fourth ground for relief [alleging trial court error in ordering restitution as a condition of parole] is a record claim that is not cognizable on application for writ of habeas corpus.

12. The court correctly included a restitution order in the judgment.

22

13.   No harm can be shown by the inclusion in the restitution order that
payment be made a condition of parole.

*Id.*, p. 286 (citations omitted). The Texas Court of Criminal Appeals relied on these findings

and conclusions in denying habeas relief.  *Id.*, at cover.

The record shows that appellate counsel informed petitioner of his choices for

handling the appeal, and that petitioner elected in writing to limit his appeal to challenging

the "stacking" order.   Appellate counsel successfully pursued that issue on appeal.

Petitioner's contention that he was "forced" to abandon his challenge to the restitution order

is unsupported in the record, and he fails to demonstrate deficient performance. Petitioner

further fails to demonstrate with probative evidence, and the record fails to show, that, but

for counsel's failure to pursue the restitution issue, there is a reasonable probability that the

restitution order or his convictions would have been reversed on appeal.   Moreover, the

record shows that petitioner did not sign the contract retaining appellate counsel to obtain and

review the reporter's record; rather, he signed the second contract retaining counsel for the

limited purpose of challenging the "stacking" order relying on documents already on file with

the trial court. No deficient performance is shown. Petitioner further fails to show that, but

for counsel's failure to challenge the sufficiency of the evidence, there is a reasonable

probability that the convictions would have been reversed on appeal.  This is particularly true

in light of petitioner's decision not to pay for obtaining the entire record on appeal, and absence of the entire record for review.[2]

The state court denied relief on these claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## VI.  CONCLUSION

Respondent's motion for summary judgment (Docket Entries No. 13, 14) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 27th day of January, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2]This Court cannot consider petitioner's affidavits and exhibits that were not submitted to the state court on collateral review. *See Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

24